United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| BORIS ROLANDO LOPEZ JUAREZ, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-08423 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| WARDEN, JOE CORLEY PROCESSING CENTER, *et al*, Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Boris Rolando Lopez Juarez filed a petition for writ of *habeas corpus* under 28 USC §2241 on September 27, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his current detention violates (i) the Due Process Clause of the Fifth Amendment, and (ii) the Administrative Procedure Act. Dkt 1 at ¶¶32, 80–105. Petitioner states that he is entitled to *habeas* relief by virtue of a pending U-visa petition. Id at ¶¶4, 37, 59–61. He also contends that he falls within a nationwide class including all individuals with pending U-visa petitions purportedly certified by preliminary order in *Immigration Center for Women and Children v Noem*, 2026 WL 1455004 (CD Cal).

A prior petition by Petitioner alleged that continued detention violated due process. He there noted his pending U-Visa petition. The undersigned dismissed that petition with prejudice on the merits as foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned.

See 4:26-cv-03166 (SD Tex, May 27, 2026), Dkt 7 (order on dismissal of prior petition).

In the pending petition, Petitioner now asserts that the current claim "rests on post-judgment facts." Dkt 1 at ¶¶54. He represents that (i) his detention has continued, (ii) an immigration judge has decided the merits, (iii) a BIA appeal is pending, and (iv) his assault charge has been dismissed. Ibid.

The Fifth Circuit states that a §2241 petition should be dismissed as an abuse of the writ when a petitioner either (i) raises a claim in a subsequent petition that could have been raised in a prior petition, or (ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). A petition bringing claims that could have been brought previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal *habeas* petition and 'prejudice' if the court fails to consider the new point." *Saahir v Collins*, 956 F2d 115, 118 (5th Cir 1992).

Showing *cause* requires a petitioner to demonstrate that "some objective factor external to the defense prevented him from raising the new claims in the previous petition." Ibid, citing *McClesky v Zant*, 499 US 467, 493 (1991). Examples of external factors include interference by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McClesky*, 499 US at 493–94 (citations omitted). But attorney error short of ineffective assistance of counsel will not suffice. Id at 494. Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. And a court need not consider prejudice when a petitioner fails to show cause. Id at 118.

Petitioner cannot meet these standards. He identifies no external factor at the time he filled his prior petition that prevented him from advancing the *ICWC* theories on which he now seeks to rely. As noted above, he cites as a "material" change the order of the Central District of California and denial of a stay pending appeal. Dkt 1 at ¶¶55, 59–61, citing *Immigration Center for Women and*

*Children v Noem*, 2026 WL 1455004 (CD Cal). But the undersigned has already decided in a similar context that nothing prevented *habeas* petitioners from advancing those theories prior to the order of the Central District of California. See *Chinchilla Pineda v Frink*, 4:26-cv-4637 (SD Tex, Aug 8, 2026), Dkt 17 (dismissal as abuse of writ). Rather than present a new claim that might potentially be available now, Petitioner's reliance on the *ICWC* order presents only a different theory on a claim that he could have—but did not—advance in his prior petition. See id. Said differently, the relief that Petitioner now requests based upon the theories advanced in *ICWC* is affirmative legal relief that he could have articulated, and thus was required to seek, in the first instance.

In sum, Petitioner's due process claims were raised in his prior petition. He alleges no changed circumstances that warrant reconsideration of his previously denied petition. Nor does he allege any facts demonstrating *cause* for not raising any potential new claim in his prior petition. And failure to show cause dispenses with the need to consider *prejudice*, although none can be shown for reasons stated upon dismissal of the prior petition. See 4:26-cv-03166 (SD Tex, May 27, 2026).

For the avoidance of doubt, even were it proper to consider the merits further, the undersigned has also recently determined that the class certification order entered in *Immigration Center for Women and Children v Noem*, 2026 WL 1455004 (CD Cal), is preliminary and not entitled to preclusive effect, and cannot be construed to extend nationwide relief on a *habeas* matter in another district, both as a matter of jurisdiction and on the merits. See *Yepez Valencia v Lyons*, 4:26-cv-5807 (SD Tex, Aug 19, 2026), Dkt 10.

The current petition will be dismissed for abuse of the writ.

* * *

The petition for writ of *habeas corpus* by Petitioner Boris Rolando Lopez Juarez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on September 30, 2026, at Houston, Texas.



Honorable Charles Eskridge
United States District Judge